**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION**

DAVID JEROME CRAWFORD                                                                    PLAINTIFF
REG #11307-002

V.                                    NO: 2:13CV00020 KGB/HDY

FEDERAL BUREAU OF PRISONS *et al.*                                              DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Kristine G. Baker.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff David Jerome Crawford, an inmate at the Canaan U.S. Penitentiary in Waymart, PA, filed a *pro se* complaint and amended complaint advancing claims pursuant to *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA"). The Court held an evidentiary hearing on May 12, 2014, at which Plaintiff testified, as did Defendants T.C. Outlaw, Jason Ford, James Sieja, and Christopher Halk. Non parties David Ward, a nurse, and inmate Wesley Hernandez also testified. The USA is also a Defendant, and Plaintiff's claims against the Federal Bureau of Prisons have already been recommended for dismissal (docket entry #25).

### I. Facts

In early 2012, Plaintiff had been complaining of sewer backups and gas emanating from his cell's shower in the prison's special housing unit when he was held at the Federal Correctional Institution in Forrest City ("FCIFC"). On March 1, 2012, Outlaw was making rounds, and Plaintiff restated his complaint about the "gas" when Outlaw approached Plaintiff's cell. Outlaw ordered

Plaintiff and Hernandez, his cellmate, to submit to restraints ("cuff up"), which they did. Because Plaintiff was the inmate complaining about the cell conditions, Plaintiff remained in the cell, and Hernandez was ordered to leave. Upon exiting the cell, Hernandez was placed against the hallway wall, facing away from the cell. In other words, Hernandez could not see what was taking place in the cell. Outlaw entered the cell to investigate Plaintiff's complaints and told Plaintiff to be seated on his bunk. Although Outlaw found nothing to substantiate Plaintiff's complaints, he did notice contraband in the cell, and as Outlaw exited the cell, Outlaw instructed Ford to conduct a cell search for contraband. Upset the encounter had changed from a review of his complaints to a search for contraband, Plaintiff testified that he began cursing and demanding that Ford leave the cell. As he was cursing and demanding Ford leave his cell, Plaintiff arose from his bunk. Ford testified Plaintiff kicked him after getting up from his bunk. Although Plaintiff disputes Ford's testimony that he kicked Ford, he conceded that his actions of standing up from his bed could be construed as "coming at" Ford. Thereafter, Ford, with assistance from Seija and Halk, forced Plaintiff to the lower bunk and restrained him. Ward was called to assess Plaintiff, but Plaintiff initially denied medical attention. Plaintiff was moved to a different cell, and later allowed a more thorough medical examination, which revealed no significant injuries or distress.

## II. Analysis

<u>Bivens claims</u>

To establish a constitutional violation for the use of excessive force, Plaintiff must demonstrate that the force was used maliciously and sadistically to cause harm, rather than in a good faith effort to maintain or restore discipline. *See Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). Relevant factors include the need for force, the relationship between the need and the amount of

force used, and the extent of injury inflicted. *See Whitley v. Albers*, 475 U.S. 312, 321 (1986).

The evidence introduced at the hearing indicates that some degree of force was used on Plaintiff, but it was not applied in a malicious or sadistic manner. Rather, the force was used to control Plaintiff and to restore discipline. Plaintiff conceded that he cursed at Ford and ordered him out of his cell, and further conceded that his actions could have been construed as an aggressive move toward Ford. Although Plaintiff claimed his fingers were broken, and his neck area was injured in the incident, x-rays taken the day of the incident revealed no broken fingers, and no acute injury (Defendants' exhibit #2). Video taken in the immediate aftermath of the incident shows Plaintiff to be in a combative state, but without any apparent injuries (Defendant's exhibit #1).[1] Hernandez testified in support of Plaintiff's claims, but he was not in the cell at the time of the incident and did not actually have a view allowing him to witness what he described as having witnessed. Thus, Plaintiff has failed to establish a constitutional violation with respect to Defendants' use of force.

FTCA claims

The FTCA provides a limited waiver of sovereign immunity, allowing the United States to be held liable for torts committed by an employee, acting in the scope of his employment, under circumstances where a private person would be liable in accordance with the law of the place where the act occurred. *Johnson v. United States*, 534 F.3d 958, 962 (8th Cir. 2008).

In Arkansas, "assault has been defined as an intentional attempt by a person, by force or

---

[1] Because the initial encounter where Plaintiff was subdued by Ford, Sieja, and Halk, was an emergency situation and the use of force was unexpected, no video camera was present with a view in the cell when the incident began. The camera was brought to the scene after the situation began when Plaintiff was moved from the cell. There is a camera view of the hallway immediately outside Plaintiff's cell during the entire course of the incident.

violence, to do an injury to the person of another, or as any attempt to commit a battery, or any threatening gesture showing in itself or by words accompanying it an immediate intention, coupled with a present ability, to commit a battery.  Battery is a wrongful or offensive physical contact with another through the intentional contact by the tortfeasor and without the consent of the victim, the unpermitted application of trauma by one person upon the body of another person." *Costner v. Adams*, 82 Ark.App. 148, 156 (2003)(internal citations omitted).  The evidence indicates that Defendants intended no harm to Plaintiff in connection with their physical contact, and there is no indication that any contact was wrongful or offensive.  Therefore, Plaintiff has failed to establish the USA's liability for an assault or battery committed by any FCIFC official.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be DISMISSED WITH PREJUDICE.

2. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this  15  day of May, 2014.

_____
UNITED STATES MAGISTRATE JUDGE